IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANNY MAY STEVENS, | CV. 05-1790-ST |
| Plaintiff, | ORDER |
| v. | |
| MAX WILLIAMS, et al., | |
| Defendants. | |

BROWN, District Judge.

This civil action comes before the Court on Plaintiff's Motion for Preliminary Injunction (docket# 14). Plaintiff seeks an order requiring an independent medical evaluation, at Court expense, to determine whether he suffers from a gender identity disorder. For the reasons which follow, Plaintiff's Motion for Preliminary Injunction is denied.

## **STANDARDS**

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 391, 395

1 - ORDER

(1981). The Ninth Circuit recognizes two separate tests in determining whether a preliminary injunction should issue. Under the traditional standard, the Court may issue a preliminary injunction if it finds: (1) the moving party will probably prevail on the merits; (2) the moving party will suffer irreparable injury if the relief is denied; (3) the balance of the hardships favor the moving party; and (4) the public interest favors granting relief. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1985).

To prevail under the alternate test, Plaintiff must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and that the balance of hardships tips sharply in its favor. American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983); Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). The formulations under the alternate test represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Diamontiney, 918 F.2d at 795. Under either formulation, the moving party must show a fair chance of success on the merits. Stanley v. University of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994).

## DISCUSSION

In his Motion for Preliminary Injunction, Plaintiff asserts he "is not asking for a sex change or hormones, but merely requesting

to be evaluated and examined by a Gender Iden[t]ity Disorder Specialist" who is not associated with the Oregon Department of Corrections. Motion for Preliminary Injunction (docket #14), p. 1. He seeks an independent evaluation to confirm a 1995, pre-incarceration diagnosis that he is a transsexual. It appears Plaintiff's primary objective in seeking external psychiatric assistance is not to obtain mental health treatment, but to ultimately secure hormonal treatment and sex change surgery based on a medical finding of transsexualism. Reply Brief (docket #25), p. 2.

As noted above, the purpose of a preliminary injunction is to preserve the position of the parties until a trial on the merits can be held. See University of Texas, *supra*. Here, Plaintiff asks the Court to issue a preliminary injunction in order to change the status quo even though he does not face irreparable injury if relief is not granted.[1] It is not appropriate to issue a preliminary injunction to alter the relative position of the parties in the absence of any threat of irreparable harm to the moving party.

Even if Plaintiff could properly utilize a preliminary injunction to change the position of the parties in the manner he

---

[1] Although Plaintiff mentions the dangers inherent in self-castration, the Court is unwilling to find the threat of self-administered injuries sufficient to demonstrate the possibility of irreparable injury.

3 - ORDER

wishes, he has little chance of success on the merits. Plaintiff alleges Defendants are incapable of providing him adequate medical care for transsexualism in violation of the Eighth Amendment. In order to prevail on an Eighth Amendment claim for the denial of adequate medical care, Plaintiff must prove Defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

A difference of medical opinion between doctors over medical treatment does not amount to deliberate indifference to serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Likewise, a dispute between a prisoner and prison officials over the necessity or extent of medical treatment does not raise a claim under § 1983. Id. Even gross medical malpractice does not amount to a violation of the Eighth Amendment. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980).

In his Motion for Preliminary Injunction, Plaintiff alleges ODOC does not have a medical treatment program in place capable of treating transsexualism. According to ODOC physician Dr. Steve Shelton, while ODOC has no medical policy addressing gender reassignment as a special entity separate from all other medical conditions, it is included in the overall policy on medical care. Affidavit of Steve Shelton, M.D., p. 3. ODOC physicians have repeatedly evaluated Plaintiff and determined he would not derive

any medical or emotional improvement from hormone therapy or sexual alteration surgery. Id at 4-8. Plaintiff's difference of opinion with these determinations, and his belief that an independent medical opinion might differ from those of the ODOC physicians, do not implicate the Eighth Amendment. Accordingly, his chance of success on the merits of such a claim is low.

Because Plaintiff faces no risk of irreparable harm if relief is not granted, has a low likelihood of success on the merits, and attempts to secure a preliminary injunction in order to change the relative position of the parties, his Motion for Preliminary Injunction is denied.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (docket #14) is DENIED.

IT IS SO ORDERED.

DATED this _____ day of June, 2006.

                              Anna J. Brown
                              United States District Judge

5 - ORDER